**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Julie A. SABLAN, Defendant–
Appellant.**

**No. 00–10401.
D.C. No. CR–97–00040–ARM.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2001.

Decided March 16, 2001.

Before SCHROEDER, Chief Judge, WALLACE and TALLMAN, Circuit Judges.

MEMORANDUM *

Julie Aldan Sablan appeals the district court's order revoking her supervised release and sentencing her to nine months imprisonment. Under the conditions of her supervised release, Sablan had the obligation to refrain from using drugs, submit to drug tests and anti-drug counseling, perform community service, and seek gainful employment. After holding several revocation hearings, the district court revoked Sablan's supervised release in light of the government's evidence that Sablan was violating the conditions of her release.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

In deciding to revoke Sablan's release, the district court relied in part on the results of Sablan's two most recent drug tests.

Sablan claims a violation of her confrontation clause rights because she could not cross examine the person who conducted the tests. Revocation hearings are subject to a flexible due process standard. *Morrissey v. Brewer*, 408 U.S. 471, 479, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)(noting that revocation of release is not part of a criminal prosecution, and thus defendants' rights at a revocation hearing are more limited .) The district court's evaluation of the drug tests was supported by a sworn declaration from a chemist who reviewed the drug test results, describing the test's methodology and reliability. The court expressly found incredible Sablan's contention that the results of those tests were false positives caused by her use of non-prescription pain relievers. In addition, Sablan did not request to retest the samples, so she did not face a complete denial of an opportunity to refute the evidence. *See U.S. v. Martin*, 984 F.2d 308, 310 (9th Cir.1993)(emphasizing that the extent of confrontation rights at a revocation hearing depends on the importance of hearsay evidence to the court's finding; the consequences of the court's finding; and the extent of opportunity to refute the evidence).

In addition, Sablan had admitted under oath in an earlier revocation hearing that she continued to use methamphetamine while under supervision. Ample evidence supported the district court's revocation order.

AFFIRMED.